## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## GREAT FALLS DIVISION

| | |
|---|---|
| GLORIA WELLS,<br><br>      Plaintiff,<br><br>  vs.<br><br>COUNTY ATTORNEY THOMAS MEISSNER, et. al.,<br><br>      Defendants. | No. CV 09-00016-GF-SEH-RKS<br><br>FINDINGS AND RECOMMENDATIONS |

The Court has jurisdiction pursuant to 28 U.S.C. § 1331.  Plaintiff is a prisoner proceeding pro se and in forma pauperis, C.D. 7, in this civil rights action filed pursuant to 42 U.S.C. § 1983, alleging violations of her constitutional rights by persons acting under color of state law.  As a prisoner acting pro se, her complaint must be reviewed before service. 28 U.S.C.

FINDINGS & RECOMMENDATIONS/ PAGE 1

§§1915(e)(2)(B), 1915A(a)(b).

## I.  PARTIES

Plaintiff is incarcerated at the Gallatin County Detention Center in Bozeman, Montana.  She named City Attorney Monty Boettger, Assistant C. Busless, Judge Larry Carver, Attorney General John Conner, Deputy Otto Dickman, John and Judy Doe, Fergus County Sheriff's Department, Court Clerk Sheila Fischer, Deputy Tom Killham, County Attorney Thomas Meissner, District Court Judge Wayne Phillips, Justice Court Judge Jack Shields and Court Clerk Phyllis Smith as Defendants.

## II.  STANDARD FOR COURT REVIEW BEFORE SERVICE

Plaintiff is a prisoner proceeding in forma pauperis, so her Complaint must be reviewed before service. 28 U.S.C. § 1915 and 28 U.S.C. § 1915A, Section 1915A provides:

> The court shall review  . . .  as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and][o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) *also* 28 U.S.C. §
1915(e)(2)(B) requires review ("Notwithstanding any
filing fee, or any portion thereof, that may have been
paid, the court shall dismiss the case at any time if
the court determines that  . . .  (B) the action or
appeal-(i) is frivolous or malicious; (ii) fails to
state a claim on which relief may be granted; or (iii)
seeks monetary relief against a defendant who is immune
from such relief.").

A complaint is frivolous if it "lacks an arguable
basis either in law or in fact." *Neitzke v. Williams,*
*490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d*
*338 (1989)*.  A complaint fails to state a claim upon
which relief may be granted if a plaintiff fails to
allege the "grounds" of his "entitlement to relief."
*Bell Atlantic Corp. v. Twombly*, 550 U.S. ____, 127
S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation
omitted).  This requirement demands "more than labels
and conclusions, [or] a formulaic recitation of the
elements of a cause of action." *Id.*  A complaint must
"'give the defendant fair notice of what the . . .
claim is and the grounds upon which it rests.'"

*Erickson v. Pardus*, 550 U.S. ____, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting *Bell*, 127 S.Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted). The "plausibility standard" is guided by "[t]wo working principles." *Iqbal*, 129 S.Ct. at 1949. First, legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal, 129 S.Ct. at 1949*. Second, only a complaint that states a plausible claim for relief survives. *Iqbal, 129 S.Ct. at 1950*. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to

relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotation marks and citation omitted).

The court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1950. Legal conclusions must be supported by factual allegations. *Iqbal*, 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S.Ct. at 1950.

Ms. Wells files this complaint pro se. "[A] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 127 S.Ct. at 2200; *Cf.* Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

## III.  ANALYSIS

Ms. Wells' complaint must be dismissed at the prescreening stage.  Fundamental defects preclude her complaint from stating a valid claim under 42 U.S.C.

§1983. Ms. Wells filed five lawsuits within a short period. (CV-09-00016-GF-SEH-RKS, CV-09-00024-GF-SEH-RKS, CV-09-00025-GF-SEH-RKS, CV-09-00026-GF-SEH-RKS and CV-09-00024-BU-SEH-RKS). In response to a court order requiring her to comply with local Standing Order DWM-27 and limit herself to two civil actions in forma pauperis at a time, Ms. Wells simply combined four of these suits into the present action. The resulting complaint consists of unconnected allegations directed against a number of putative defendants. Basic pleading rules, applied here, as they are to all litigants, require the entire complaint to be dismissed with prejudice.

## A. Representing Others

First, Ms. Wells may only represent herself in this matter and not the individual claims of others. <u>Simon v. Hartford Life, Inc</u>. 546 F. 3d 661, 664, (9th Cir. 2008). All claims purporting to be those of others must be dismissed.

## B. <u>Heck v. Humphrey</u>

Second, Ms. Wells' allegations concern actions or inactions in pending or concluded state-court

proceedings.  Ms. Wells alleges damage suffered due to wrongful conduct by prosecutors, or erroneous decisions of judges.  Such putative claims are barred by the doctrine set forth in <u>Heck v. Humphrey</u>. A §1983 plaintiff must show, as a condition of maintaining suit, that the conviction or sentence complained of has been reversed, declared invalid, called into question by the issuance of a habeas writ, or expunged. Ms. Wells makes no such allegation.  Appellate or executive review and reversal is required before Ms. Wells could maintain a 42 U.S.C. §1983 claim based upon those convictions. <u>Heck v. Humphrey</u>, 512 U.S. 447, 486-7 (1994). These claims should be dismissed.

### C.  Rooker-Feldman

Ms. Wells' allegations request this court to rule that the State courts were in error and to grant the relief requested because of these alleged errors.  Such claims fail as a matter of law under the <u>Rooker-Feldman</u> doctrine.  A federal court cannot exercise appellate review over final state court judgments. <u>Reusser v. Wachovia Bank</u>, N.A., 525 F.3d 855, 585-59 (9th Cir. 2008).  Federal courts lack jurisdiction to review

state court judgments.  _Rooker v. Fidelity Trust Co._, 263 U. S. 413 (1923); _District of Columbia Court of Appeals v. Feldman_, 460 U.S. 462 (1983).  The doctrine applies whether a plaintiff asserts a wrong based upon an allegedly erroneous state court judgment and seeks relief from that judgment, or whether the plaintiff seeks a _de facto_ appeal from the state court judgment. _Id_. At 859.  An action constitutes a _de facto_ appeal when "claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules."  _Id_. Such is the case under Ms. Wells' pleadings.

**D. Immunity**

Third, Ms. Wells' complaint is defective on its face because it specifically alleges that some defendants were either judges or prosecutors allegedly acting or failing to act in their official capacity when deciding issues that arose in her many criminal cases or prosecuting them.

All claims against al judges must be dismissed. A judge has broad immunity for judicial functions even if acting in excess of or without jurisdiction, even if making grave procedural errors or even if acting in excess of authority.  Pierson v. Ray, 386 U.S. 547, 553-5 (1967)(determining guilt and sentencing); Stump v. Sparkman, 435 U.S. 349, 360-64(1978)(acting in error, maliciously or in excess of authority).  All allegations against judges assert conduct for which, if true, the judges are immune.

The prosecutors are also immune for the alleged wrongful conduct.  Prosecutorial immunity protects eligible government officials when they are acting as advocates for the State and are performing functions "intimately associated with the judicial phase of the criminal process" for initiating a prosecution and presenting the State's case.  Kalina v. Fletcher, 522 U.S. 118, 124-6 (1997); Imbler v. Pachtman 424 U.S. 429, 430-31(1976); Hartman v. Moore, 547 U.S. 250, 265-66(2006).

**E.  Property Claims**

Ms. Wells alleges someone stole money from her

purse. Claims for loss of property for which there is an adequate state law remedy should be dismissed. Hudson v. Palmer, 468 U.S. 517, 533 (1984). A state official's unauthorized taking of property under color of state law does not violate the Constitution if the State provides an adequate remedy for the deprivation. *Hudson v. Palmer, 468 U.S. 517, 533 (1984)*. "[A]n unauthorized *intentional* deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson, 468 U.S. at 533*. This claim should be dismissed as well. Id.

**IV.  Conclusion**

Ms. Wells' complaint should be dismissed with prejudice. Since they are all so clearly defective as a matter of law, the claims cannot be cured by amendment.

**V. Certification Regarding Appeal**

The Federal Rules of Appellate Procedure, Fed.R.App.P. 24(a)(3)(A) and 28 U.S.C. §1915(a)(3)

provide that appeal may not be taken in forma pauperis
if the trial court certifies in writing that such an
appeal would not be taken in good faith.  The good
faith standard is an objective one.  See <u>Coppedge v.
United States</u>, 39 U.S. 438, 445 (1962).  A Plaintiff
satisfies the "good faith" requirement if he or she
seeks review of any issue that is "not frivolous".
<u>Gardner v. Pogue</u>, 558 F. 2d 548, 551 (9th Cir. 1977)
(quoting <u>Coppedge</u>, 369 U.S. at 445). For purposes of
section 1915, an appeal is frivolous if it lacks any
arguable basis in law or fact.  <u>Neitzke</u>, 490 U.S. at
325, 327; <u>Franklin v. Murphy</u>, 745 F. 2d 1221, 1225 (9th
Cir. 1984).  "[T]o determine that an appeal is in good
faith, a court need only find that a reasonable person
could suppose that the appeal has some merit."  <u>Walker
v. O'Brien</u>, 216 F. 3d 626, 631 (9th Cir. 2000).

   Ms. Wells' failure to state a claim is so clear no
reasonable person could suppose an appeal would have
merit.  The failure is magnified here where she chose
to combine four unrelated lawsuits into one to avoid
the two - lawsuit limitation applicable to all District
litigants.

## VI.   Possible "Strike"

If Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, the dismissal could count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).  Had these lawsuits proceeded separately, they would have constituted five "strikes". This suit should count as one.

## VII.  Address Changes

At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The

notice shall contain only information pertaining to the change of address and its effective date, except if Plaintiff has been released from custody, the notice should so indicate.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Therefore, the Court issues the following:

### RECOMMENDATIONS

1.  Plaintiff's Amended Complaint should be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

2.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.

4.  The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or

fact.  It should count as one "strike" under 28 U.S.C. §1915(g).  The Clerk of Court should be directed to have the docket reflect that the dismissal counts as a strike pursuant to 28 U.S.C. §1915(g) because Plaintiff failed to state a claim upon which relief may be granted.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to these Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order.  *Martinez v. Ylst, 951*

F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 24th day of November, 2009.

*/s/ Keith Strong*
Keith Strong
United States Magistrate Judge

FINDINGS & RECOMMENDATIONS/ PAGE 15